PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN RIOS,                          )
                                      )      CASE NO.  3:14CV2462
              Petitioner,             )
                                      )      JUDGE BENITA Y. PEARSON
       v.                             )
                                      )
CHARLOTTE JENKINS,[1] Warden,         )      **MEMORANDUM OF OPINION**
                                      )      **AND ORDER**
              Respondent.             )      [Resolving ECF No. 24]


       *Pro Se* Petitioner Steven Rios, an Ohio prisoner at the Chillicothe Correctional

Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No.

11), alleging four (4) grounds for relief which challenge the constitutional sufficiency of his

conviction in Williams County, Ohio Court of Common Pleas Case No. 12CR000028.  The case

was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The magistrate judge subsequently

issued a Report & Recommendation (ECF No. 22).  In his Report, the magistrate judge

recommends that the Court deny the petition in part because Grounds One and Two fail on the

merits.  In addition, it is recommended that the Court dismiss the Petition in part because Ground

_____

       [1]  Warden Norm Robinson was the original respondent.  He was sued in an
official capacity as a public officer.  According to the Ohio Department of Rehabilitation
and Correction website (http://www.drc.ohio.gov/cci (last visited August 8, 2017)),
Petitioner is currently serving a 40-year term of incarceration at the Chillicothe
Correctional Institution.  Charlotte Jenkins is the Warden at that facility.  Pursuant to Fed.
R. Civ. P. 25(d), Jenkins's name has been automatically substituted as a party.

(3:14CV2462)

Three is procedurally defaulted and Ground Four is not cognizable in this federal habeas corpus proceeding. Petitioner filed timely Objections to the magistrate judge's Report (ECF No. 24). The Court, after reviewing the Objections, hereby adopts the Report and dismisses the Petition in part and denies the Petition in part.

## I. Facts

On direct appeal, the Ohio Court of Appeals described the factual background of Petitioner's trial, conviction, and sentencing as follows:

{¶ 2} On August 12, 2010, then nine-year-old C.N. was brought to a Montpelier, Ohio emergency room by her mother. Mother and daughter told the emergency room physician that C.N. had experienced vaginal bleeding and irritation earlier that month. The mother told the physician that she believed her daughter might be experiencing an early onset of puberty.

{¶ 3} The physician examined the girl and found she exhibited no other traits associated with the onset of puberty. Neither did he find anything to explain the vaginal bleeding and irritation of which she complained. On suspicion that C.N. might be the victim of child abuse, the physician reported the matter to the Williams County Department of Job and Family Services.

{¶ 4} Sometime later, a child abuse investigator visited the school where C.N. and her 11-year-old brother, T.N., attended. The investigator conducted an interview with both children, the result of which was the immediate removal of the children from their home and placement in foster care.

{¶ 5} C.N. later testified at trial that, while her mother worked, she was sometimes left in the care of her mother's boyfriend, appellant, Steven Rios. During one such occasion, C.N. testified, appellant undressed the girl and inserted his "boy part" into her "girl part." "It hurt" and caused bleeding, the girl reported. Another time, "He stuck his boy part in, or in my mouth." [sic] C.N. was examined by a physician, Dr. Randall Schlievert, who specializes in child abuse. Based on his on examination and interview with the child and a review of the emergency room report, Dr. Schlievert diagnosed C.N. as a victim of sexual abuse.

(3:14CV2462)

{¶ 6} T.N. testified that on multiple occasions appellant "would make me suck his talliwacker." Both children testified that appellant threatened to harm them if they told anyone. Even so, according to C.N., she told her mother, the result of which was the 2010 trip to the emergency room.

{¶ 7} On February 15, 2012, appellant was named in a three count indictment handed down by the Williams County Grand Jury. The indictment charged three counts of rape of a child under age 13, with a specification on two of the counts that the victim was under age 10. Appellant pled not guilty and the matter proceeded to a trial before a jury.

{¶ 8} At trial, C.N. and T.N both testified, as did the emergency room physician, the child abuse expert and his assistant. Appellant rested without presenting evidence.

{¶ 9} The jury found appellant guilty of all counts and specifications. The court accepted the verdict and, on December 13, 2012, sentenced appellant to mandatory indefinite terms of imprisonment of 15 years to life on two counts and from 10 years to life on the third count. The court ordered the terms of imprisonment to be served consecutively. . . .

*State v. Rios*, No. WM-13-004, 2014 WL 356766, at *1 (Ohio App. 6th Dist. Jan. 31, 2014);

State Court Record Ex. 16 (ECF No. 8-5 at PageID #: 630-40). In June 2014, the Ohio Supreme

Court declined to accept jurisdiction of the appeal, *State v. Rios*, 139 Ohio St.3d 1417 (2014)

State Court Record Ex. 20 (ECF No. 8-5 at PageID #: 676), and Petitioner did not further appeal

to the United States Supreme Court.

On October 29, 2014,[2] Petitioner filed the instant Petition for a Writ of Habeas Corpus

(ECF No. 1).

_____

[2] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his petition on October 29, 2014. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

3

(3:14CV2462)

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

## III. Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The task of the Court is not to determine whether the Sixth District Court of Appeals of Ohio's decision was right or wrong. Instead, under the AEDPA, the Court must decide whether the state appellate court's adjudication of Petitioner's claim "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law." 28 U.S.C. § 2254(d)(1). As the United States Supreme Court has explained:

> an *unreasonable* application of federal law is different from an *incorrect*
> application of federal law. Indeed, a federal habeas court may not issue the writ
> simply because that court concludes in its independent judgment that the relevant
> state-court decision applied clearly established federal law erroneously or
> incorrectly. Rather, that application must be objectively unreasonable. This
> distinction creates a substantially higher threshold for obtaining relief than *de*
> *novo* review. AEDPA thus imposes a highly deferential standard for evaluating
> state-court rulings, and demands that state-court decisions be given the benefit of
> the doubt.

*Renico v. Lett*, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in

original).

## A. Ground One – Admission of the Expert Testimony of Dr. Schlievert

In his first habeas ground for relief, Petitioner asserts his due process rights were violated

by the admission of inadmissible evidence which he claims violated his due process rights.

Petitioner contends the trial court abused its discretion by permitting expert testimony by Dr.

Schlievert. This evidentiary issue was submitted as the first assignment of error on direct appeal.

The Ohio Court of Appeals determined there was no violation of Ohio evidence law. *State v.*

*Rios*, 2014 WL 356766, at *2-3, ¶¶ 11-18 (ECF No. 8-5 at PageID #: 633-35).

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution.

28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Lewis v. Jeffers*, 497 U.S. 764,

780 (1990); *Barclay v. Florida*, 463 U.S. 939, 957-58 (1983); *Smith v. Phillips*, 455 U.S. 209,

221 (1982). "[S]tate courts are the ultimate expositors of state law . . . and [habeas courts] are

bound by their constructions except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S.

(3:14CV2462)

684, 691 (1975).  As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an

inquiry whether evidence was properly admitted or improperly excluded under state law is no

part of the federal court's habeas review of a state conviction [for] "it is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions."  *Id.* at

67-68.  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States."  *Id.* at 68.

"[S]tate-court evidentiary rulings cannot rise to the level of due process violations unless they

'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to

be ranked as fundamental.'"  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting

*Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (quoting *Patterson v. New York*, 432 U.S. 197, 202

(1977)); *accord Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Coleman v. Mitchell*, 268

F.3d 417, 439 (6th Cir. 2001).  This approach accords the state courts wide latitude in ruling on

evidentiary matters.  *Seymour*, 224 F.3d at 552.

　　　　Furthermore, under the AEDPA, the court may not grant relief if it would have decided

the evidentiary question differently.  The court may only grant relief if petitioner is able to show

that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme

Court on a question of law or if the state court decided the evidentiary issue differently than the

Supreme Court did on a set of materially indistinguishable facts.  *Sanders v. Freeman*, 221 F.3d

846, 860 (6th Cir. 2000).

Petitioner has not met this difficult standard. The Court concludes that the admission of the expert medical opinion of Dr. Schlievert was neither contrary to nor an unreasonable application of Supreme Court precedent.

### B. Ground Two – Whether Dr. Schlievert's Opinion Offered Testimony of the Veracity of the Statements of the Victim

In his second habeas ground for relief, Petitioner asserts the diagnosis by Dr. Schlievert was an inadmissible and prejudicial opinion of the veracity of C.N., the child declarant. ECF No. 24 at PageID #: 820, 822. Petitioner contends he was denied due process and a fair trial by permitting expert testimony by Dr. Schlievert that vouched for the credibility of the victim. This evidentiary issue was submitted as the second assignment of error on direct appeal. The state Court of Appeals determined "Dr. Schlievert's diagnosis was based on such a diversity of data that it could not be inferentially viewed as an assessment of C.N.'s veracity." *State v. Rios*, 2014 WL 356766, at *4, ¶ 26 (ECF No. 8-5 at PageID #: 638).

In *State v. Boston*, 46 Ohio St.3d 108 (1989), the Supreme Court of Ohio held that an expert can opine on whether she believes that a child has been sexually abused, but cannot give an opinion of the child's veracity. *Id.* at 128-29. The court later explained:

> *Boston*'s syllabus excludes expert testimony offering an opinion as to the truth of a child's statements (*e.g.*, the child does or does not appear to be fantasizing or to have been programmed, or is or is not truthful in accusing a particular person). It does not proscribe testimony which is additional support for the truth of the *facts testified to* by the child, or which assists the fact finder in assessing the child's veracity.

*State v. Stowers*, 81 Ohio St.3d 260, 262-63 (1998) (emphasis in original). The Ohio Supreme Court has been careful to differentiate "between expert testimony that a child witness is telling the truth and evidence which bolsters a child's credibility." *Id.* at 262.

As explained above, a state court evidentiary ruling will violate a defendant's due process rights only if it is "so egregious that it results in a denial of fundamental fairness." *Bugh*, 329 F.3d at 512. This is not such a case. Dr. Schlievert's testimony did not violate *State v. Boston*.

Petitioner has not demonstrated that the decision of the Ohio Court of Appeals upholding the admission of Dr. Schlievert's testimony was improper under Ohio law. *See Liddle v. Brunsman*, No. 5:09CV0587, 2010 WL 4818527, at *9 (N.D. Ohio May 28, 2010) (Baughman, M.J.) *report and recommendation adopted*, 2010 WL 4818522, at **4-5 (N.D. Ohio Nov. 19, 2010) (Gwin, J.) (rejecting habeas claim based on alleged *Boston* violation); *Crum v. Bobby*, No. 5:07CV949, 2008 WL 2048000, at *19-21 (N.D. Ohio May 12, 2008) (Nugent, J.) (same). Petitioner also has not shown that the decision was based on clearly erroneous facts.

C.N. testified before the jury at Petitioner's trial. *See* Trial Transcript (ECF No. 8-2) at PageID #: 342-72. Dr. Schlievert, who had been qualified as an expert without objection (Trial Transcript (ECF No. 8-4) at PageID #: 431), offered an opinion concerning whether C.N. had been sexually abused based upon his educated observations. ECF No. 8-4 at PageID #: 440. He did not merely testify to the veracity of the victim. Dr. Schlievert interviewed and examined C.N. on February 16, 2011, six months after the victim was brought to the emergency room. ECF No. 8-4 at PageID #: 431, 451. He relied on other facts in addition to the statements of the

victim. Dr. Schlievert testified on direct and cross-examination:

> . . . The evidence I use to arrive at a diagnostic is the whole case. The physical exam is just one part.

ECF No. 8-4 at PageID #: 436.

> . . . when I do make a diagnosis in the case of alleged sexual abuse, I'll consider the medical interview that the child has had with us, information that's provided by other professionals or caregivers, the child's overall behavior, demeanor, the way they describe what happens, and then also the physical exam in context with all of that.

ECF No. 8-4 at PageID #: 438.

> Q.      Dr. Schlievert, with regard to your own investigation or your own examination, did you review anyone else's medical records?
> A.      I don't recall in this case reviewing records per se but hearing about them, an evaluation at the emergency room.

ECF No. 8-4 at PageID #: 443.

> I understand that Mom had said there was bleeding in the ER and then of course [C.N.] told us there was bleeding as well.

ECF No. 8-4 at PageID #: 450.

> Q.      . . . You reviewed the whole case. What did you mean by that?
> A.      My evaluation. The information from Ms. Meyers [of Children's Services], from [C.N.], the physical exam, her behaviors, whatever is documented in my report.

ECF No. 8-4 at PageID #: 455.

The Court concludes that Petitioner has not established that the state Court of Appeals decision is contrary to, or involved an unreasonable application of, the clearly established federal law of *Estelle v. McGuire*. Ground Two is without merit.

(3:14CV2462)

**C.  Ground Three – Hearsay**

Petitioner requests that this ground be dismissed.  ECF No. 24 at PageID #: 823.

**D.  Ground Four – The Ohio Supreme Court Declining to Accept Jurisdiction of the Appeal**

Petitioner does not offer an objection to the magistrate judge's recommendation to dismiss his fourth habeas ground for relief as non-cognizable.  The Court agrees with the conclusion of the magistrate judge as to Ground Four.

### IV.  Conclusion

The Court finds the magistrate judge's Report & Recommendation (ECF No. 22) to be correct.  The Court finds that Petitioner's Objections (ECF No. 24) raise no arguments (factual or legal) that have not been fully addressed by the Report.  Therefore, Petitioner's Objections (ECF No. 24) are overruled and the Report & Recommendation (ECF No. 22) is adopted.  Steven Rios' Petition for a Writ of Habeas Corpus is denied in part (Grounds One and Two) and dismissed in part (Grounds Three and Four).  Petitioner's renewed request for an evidentiary hearing is denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


  August 28, 2017                                        /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                     United States District Judge

10